**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LINDA WEST** | * | **CIVIL ACTION NO.** |
| **VERSUS** | * | **JUDGE** |
| **WAL-MART STORES, INC. AND JANE DOE** | * | **MAGISTRATE JUDGE** |

* * *******************************************

**NOTICE OF REMOVAL**

**TO:** The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

PLEASE TAKE NOTICE that defendant, WALMART STORES, INC. ("Walmart"), without waiving, and specifically reserving all rights, defenses, objections, and exceptions, hereby removes the case captioned, "Linda West versus Wal-Mart Stores, Inc. and Jane Doe," Civil Docket No. 698112 from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant under the provisions of 28 U.S.C. § 1441(b), in that it is a civil action among diverse parties who are citizens of different states and foreign countries, and Plaintiff's claims involve an amount in controversy that exceeds $75,000, exclusive of costs and interests.

2.

Plaintiff, Linda West, commenced the action by filing a Petition for Damages (see Exhibit "A") on July 22, 2020, against Walmart Stores, Inc. in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

3.

Walmart was served through its agent for service of process, CT Corporation, on August 3, 2020, with Plaintiff's Petition for Damages (see CT Corporation Service of Process Transmittal Notice attached hereto as Exhibit "B").

4.

The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the Plaintiff due to an accident that occurred on July 21, 2019.

## I.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

5.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States" and "citizens of a State and citizens or subjects of a foreign state."

### A.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

6.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal

petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

7.

Plaintiff's pleadings are silent as to the amount of damages that Plaintiff seeks. However, Plaintiff's Petition for Damages alleges that Plaintiff, Linda West, was injured as a result of an accident that occurred on July 21, 2019. Further, Plaintiff alleges that, as a result of the accident, she sustained injuries, including eye damage and scaring on her face. Plaintiff, Linda West, also alleges she has sustained the following damages: past, present, and future physical pain and suffering and past, present, and future mental pain and suffering.

8.

On June 4, 2021, Plaintiff responded to Walmart's Request for Admissions. In Response to Request for Admission No. 2, Plaintiff admitted that the amount in controversy is over $75,000, exclusive of interests and costs (See Exhibit C, Walmart's Requests for Admission to Plaintiff and Plaintiff's Response to Requests for Admission No. 2).

9.

Plaintiff's Petition for Damages does not offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995). See Also C*osey v. Wal-Mart Louisiana, LLC*, No. CV 19-554-SDD-EWD, 2019 WL 4039620, at *2 (M.D. La. Aug. 27, 2019).

10.

While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

B.    COMPLETE DIVERSITY

11.

Plaintiff, Linda West, is domiciled in East Baton Rouge Parish, State of Louisiana (see Petition for Damages attached as Exhibit "A").

12.

Defendant, Walmart Stores Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

13.

"Jane Doe" is a fictitious name whose citizenship **shall** be disregarded in determining whether this civil action is removable on the basis of the jurisdiction, pursuant to 28 U.S.C. §1441(b)(1).

14.

Therefore, there is complete diversity of citizenship between the Plaintiff and the Defendants.

15.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as

the amount in controversy, evidenced by the Petitions for Damages and Plaintiff's medical records, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.  WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16.

Walmart was served through its agent for service of process, CT Corporation, on August 3, 2020, with Plaintiff's Petition for Damages (See Exhibit "B").

17.

Based on the allegations and information contained in the Petition, this matter was not initially removable in light of the amount in controversy requirement of 28 U.S.C. §§ 1332(a). Plaintiff's allegations concerning her injuries were vague and failed to identify with any specificity the length of time affected, the nature or extent of treatment necessitated by the injuries, or the cost of such treatment or anticipated future treatment.

18.

On September 1, 2020, Walmart filed its Answer to Petition for Damages (attached as Exhibit "D").

19.

On September 4, 2020, Walmart propounded written discovery on Plaintiff, including a request for admission relating to the value of this matter. On June 4, 20201, Plaintiff responded to Walmart's Request for Admissions. In Response to Request for Admission No. 2, Plaintiff admitted that the amount in controversy is over $75,000, exclusive of interests and costs. (See Exhibit "C", Walmart's Request for Admission to Plaintiff and Plaintiff's Response to Requests

for Admission No. 2).

20.

Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed within 30 days after receipt by Defendant, through service or otherwise, of a copy of this "other paper," from which it may now be ascertained, for the first time, that the amount in controversy exceeds $75,000 and that the case has now become removable.

21.

The Notice of Removal is also being filed within one year of commencement of this action, pursuant to 28 U.S.C. § 1446(c).

22.

Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States and citizens of a State and citizens or subjects of a foreign state.

23.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

24.

No previous application has been made by Walmart in this case for the relief requested herein.

25.

Pursuant to 28 U.S.C. § 1446(a), Walmart has attached a copy of "all process, pleadings, and orders served upon it" in this action.  In particular, a copy of the Petition for Damages are attached hereto as Exhibit "A" and a copy of Walmart's Answer is attached hereto as Exhibit "C." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

26.

Petitioner, Walmart, desires and is entitled to trial by jury of all issues herein.

WHEREFORE, defendant, WALMART STORES, INC., hereby removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/P. Sinnott Martin*
**ISIDRO RENÉ DEROJAS (#18182)**
**DEVIN FADAOL (#26878)**
**CHRISTOPHER JAMES-LOMAX (#37174)**
**P. SINNOTT MARTIN (#37218)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
195 Greenbriar Blvd., Suite 200
Covington, LA  70433
Telephone:  (504) 831-0946
Facsimile:   (800) 977-8810
E-Mail:  psm@mcsalaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 7th day of June, 2021.

/s/ P. Sinnott Martin